**In re Michael P. DePALMA, Julia M. DePalma a/k/a Julie DePalma, Debtors.**

**Bankruptcy No. 8500482.**

United States Bankruptcy Court, D. Rhode Island.

Sept. 22, 1986.

Robert N. Huseby, Sr., Licht & Semonoff, Providence, R.I., for Citizens Trust Co.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., for debtors.

Robert J. Bevilacqua, Thomas R. DeSimone, Providence, R.I., for Donna Lombardi, Vito and Filomena LaSorsa.

James T. Higgins, Sarault Law Offices, Ltd., Pawtucket, R.I., for Michael and Marie Lombardi.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Submitted on briefs, on a motion filed by Citizens Trust Company seeking, inter alia, an order discharging and releasing Citizens from any claims which may arise as a result of its acceptance, on April 16, 1986, of a $10,735.16 payment from the debtors. That payment was made by the debtors, as guarantors of a loan from Citizens to MDJ Enterprises, Inc., a joint venture operating Michael's Restaurant. Michael DePalma and Michael D. Lombardi, also a debtor in this Court (*see* BK No. 8500269) were joint venturers and financial backers of the business. The loan, evidenced by a promissory note dated June 27, 1983, in the amount of $63,500, was obtained to provide operating capital for the restaurant, and was guaranteed by the DePalmas, Michael Lombardi, and his former wife, Donna Lombardi. Payments were made on the note, but only sporadically, and on December 18, 1985, with Court authorization, property owned by the Lombardis was foreclosed by the second mortgagee (not a party to this proceeding), and from that sale, Citizens, the holder of a third mortgage, received $22,100. That amount was applied to pay down the principal balance of the note from MDJ, and on April 16, 1986 the DePalmas, as guarantors, paid $10,735.16 to Citizens, further reducing the balance to $215.16.

The objections to the instant motion were filed by Vito and (wife) Filomena LaSorsa (secured creditors of Michael Lombardi), Donna Lombardi, and Michael Lombardi who argue that

since the Lombardis paid Citizens more than the DePalmas, a portion of the money paid by the Lombardis should be returned to the Lombardis or their creditors and the DePalmas should be required to pay an additional amount which would represent 50% of the unpaid balance due on the note at the time of the Lombardi payment.

Citizens' Memorandum in Support of Motion for Relief at 3.

The Lombardi's argument is based strictly on equitable grounds. On the facts and documentary evidence presented, it is clear

that under the guaranties executed on June 27, 1983, each guarantor assumed responsibility for payment of the *full amount* of the note to MDJ. Because the DePalmas and the Lombardis "unconditionally and irrevocably, jointly and severally" guaranteed the note, Citizens was entitled to full payment of the balance from any and all of the guarantors, and that is all that we may reasonably consider, on the facts before us. After weighing the arguments made at a series of (on the record) conferences between March and July, 1986, and having reviewed the points and authorities discussed in the memoranda, we find that the facts and circumstances here do not warrant the application by this Court of the equitable doctrine of marshalling. *See Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *In re Beacon Distributors, Inc.*, 441 F.2d 547 (1st Cir.1971).

This order does not impair any rights of, or preclude the guarantors from proceeding, in the appropriate forum, against co-guarantors, for contribution, indemnification, or other appropriate relief.

Accordingly, for the preceding reasons, the objections to Citizens' motion are denied.